UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE AL-TREAVES WILLIAMS-EL,

    Petitioner,                                Civil No. 05-CV-70616-DT
                                                   HONORABLE PAUL D. BORMAN
v.                                                  UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

      Andre Al-Treaves Williams-El, ("Petitioner"), presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for kidnapping, M.C.L.A. 750.349; assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b.  On August 29, 2005, respondent filed an answer to the petition.

      Petitioner has now filed a motion to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he raises additional claims that are not included in the current petition.  For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust his additional claims.  The Court will

also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Lenawee County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Williams,* 238427 (Mich.Ct.App. June 17, 2003); *lv. den.* 469 Mich. 1019; 677 N.W. 2d 29 (2004)(Cavanagh, J. would grant leave to appeal).

On September 10, 2004, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the state trial court. The Lenawee County Circuit Court denied petitioner's motion on September 15, 2004. *People v. Williams,* 01-9222-FC (Lenawee County Circuit Court, September 15, 2004).

On or about February 16, 2005, petitioner filed the instant petition for writ of habeas corpus with this Court, in which seeks habeas relief on the following grounds:

> I. The prosecutor failed to prove the elements of forcible confinement kidnapping beyond a reasonable doubt.
>
> II. Where Jason Elmore had reasonable expectation of receiving lenient treatment for his testimony, the prosecutor violated petitioner's right to due process by leading the jury to believe that Elmore's sole motivation was to seek justice.
>
> III. The failure to give a special cautionary instruction concerning Elmore's testimony was reversible error; defense counsel's failure to request the instruction constituted ineffective assistance.
>
> IV. Where petitioner was sentenced on the basis of erroneously scored guidelines, without objection, his rights to due process and to effective assistance of counsel at sentencing were violated.

On August 31, 2005, petitioner filed an application for leave to appeal with the

Michigan Court of Appeals, in which he sought to appeal the denial of his post-conviction motion by the trial court. That appeal remains pending in the Michigan Court of Appeals.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can finish exhausting three new claims that he has raised in his post-conviction motion for relief from judgment.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he finishes exhausting his additional claims on state post-conviction review.[1] In this case,

---

[1] Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1813-14 (2005)(citing *Rhines v. Weber,* 125 S. Ct. 1528, 1531 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. at 1535. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Therefore, in order to avoid petitioner being time-barred from seeking habeas

4

relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review. This tolling is conditioned upon petitioner re-filing his habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

                                         s/Paul D. Borman  
                                         PAUL D. BORMAN  
                                         UNITED STATES DISTRICT JUDGE

Dated: December 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2005.

                                      s/Jonie Parker
                                      Case Manager