UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE AL-TREAVES WILLIAMS-EL,

    Petitioner,                                  Civil No. 05-CV-70616-DT
                                                    HONORABLE PAUL D. BORMAN
v.                                              UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO REOPEN THE HABEAS PETITION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, AND ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS .**

    On December 21, 2005, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to allow petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust his state court remedies prior to filing his habeas petition. The Court also administratively closed the case. Petitioner has now filed an amended petition for writ of habeas corpus, in which he asks this Court to reopen his habeas petition following the exhaustion of his claims in state court. Petitioner also seeks to filed an amended habeas petition. For the reasons stated below, petitioner's request to reopen the habeas petition is **GRANTED**. The Court will also **GRANT** the motion to amend the habeas petition. The Court will further order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a supplemental answer to the amended

1

petition within **sixty (60)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will also grant petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases,

Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2  (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a supplemental answer to the amended habeas petition within sixty days of the Court's order. [1] This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

## ORDER

Based on the foregoing, the Petitioner's request to reinstate his habeas application to the Court's active docket is **GRANTED.**

IT IS FURTHER ORDERED That Petitioner's motion to amend the petition for writ of habeas corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer to the amended habeas corpus petition within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

**SO ORDERED.**

                                       s/Paul D. Borman
                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

Dated: May 29, 2007

CERTIFICATE OF SERVICE

---

[1] Respondent previously filed a response to Petitioner's original habeas petition on August 29, 2005 and is therefore required to respond only to any issues raised by petitioner in his amended habeas petition which have not already been raised by petitioner in his original habeas petition.

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 29, 2007.

                                                                s/Denise Goodine
                                                                Case Manager