**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDRE AL-TREAVES WILLIAMS-EL,

       Petitioner,                       Civil No. 05-CV-70616-DT
                                           HONORABLE PAUL D. BORMAN
v.                                       UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

       Respondent,

_____/

**OPINION AND ORDER DENYING AS MOOT THE MOTION TO EXTEND TIME AND
THE MOTION FOR LEAVE TO FILE EXCESS PAGES, AND DENYING THE
MOTIONS FOR EVIDENTIARY HEARING AND THE MOTION TO DISCOVER OR
SUPBOENA DUCES TECUM**

Petitioner has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court are a number of Petitioner's motions. For the reasons stated below, the

motions are denied.

**I. Motion to Extend Time.**

On December 21, 2005, this Court entered an opinion and order granting petitioner's

motion to hold his habeas petition in abeyance to allow petitioner to return to the state courts to

exhaust additional claims that he had failed to exhaust his state court remedies prior to filing his

habeas petition. The Court also administratively closed the case.

On March 12, 2007, Petitioner filed a motion for an enlargement of time to file a brief in

order to have his habeas petition reinstated following the exhaustion of his claims in state court.

However, on April 3, 2007, Petitioner filed an amended petition for writ of habeas corpus. On

May 29, 2007, this Court granted Petitioner's motion to reopen the petition for writ of habeas

corpus and permitted him to amend his petition for writ of habeas corpus. In light of the fact that this Court permitted Petitioner to file his amended habeas petition and permitted him to reopen his case, the motion for enlargement of time [Court Dkt. Entry # 24] is denied as moot.

## II. The motion for leave to file excess pages.

Petitioner has also filed a motion for leave to file excess pages, because his current brief exceeds the twenty page maximum for motions contained in L.R. 7.1.

Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, does not contain any page limits for a habeas petition, nor do the Local Rules for the Eastern District of Michigan. Accordingly, it is unnecessary for petitioner to obtain permission from this Court to file a habeas petition in excess of twenty pages. The Court will therefore deny the motion for leave to file excess pages [Court Dkt. Entry # 31] as being moot.

## III. The motions for evidentiary hearings.

Petitioner has also filed two motions for evidentiary hearings.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of

additional evidence. *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motions for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the petition, the answer and the state court record from respondent, and petitioner's reply brief. Until the Court reviews these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims. The Court will therefore deny petitioner's motions for an evidentiary hearing [Court Dkt. Entry ## 26 and 32] without prejudice.

## IV. Motion for Discovery

Petitioner has also filed motion for discovery, in which he asks this Court to order the respondent to provide several documents and transcripts which he claims would show that Jason Elmore entered into a plea agreement in order to offer perjured testimony against petitioner at his trial.

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* If a habeas petitioner could point to specific evidence that might be discovered that would support his claims, he would be able to establish good cause to obtain discovery. *Burns v. Lafler,* 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information concerning what he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* Finally, a habeas petitioner's vague and conclusory allegations are insufficient to

obtain additional discovery. *Burns,* 328 F. Supp. 2d at 718; *See also Payne v. Bell,* 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000).

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F. 3d at 460. A district court does not abuse its discretion by denying a habeas petitioner's request for discovery, where the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.*

In the present case, petitioner has failed to establish that his discovery request is anything more than a "fishing expedition masquerading as discovery." Petitioner's discovery request is conclusory and he is therefore not entitled to seek discovery in this matter. Because petitioner has failed to make a prima facie showing of what he specifically intends to find and prove from these documents, petitioner's discovery request is nothing more than a "desire to engage in a fishing expedition." *Rector v. Johnson,* 120 F. 3d 551, 563 (5th Cir. 1997). The Court will therefore deny petitioner's motion for discovery [Court Dkt. Entry # 30]. The Court will reconsider petitioner's motion if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that additional discovery is necessary.

**V. CONCLUSION**

Accordingly, the Court **DENIES** the motion for enlargement of time [Court Dkt. Entry # 24] and the motion for leave to file excess pages [Court Dkt. Entry # 31] as being moot. The Court further denies the motions for evidentiary hearing [Court Dkt. Entries ## 26, 32] and the motion for discovery [Court Dkt. Entry # 30].

4

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 10, 2008.

s/Denise Goodine
Case Manager