UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE AL-TREAVES WILLIAMS-EL,

    Petitioner,                                 Civil No. 05-CV-70616-DT

vs.                                            HONORABLE PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT BUT ORDERING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER WHICH ADDRESSES THE MERITS OF PETITIONER'S SUPPLEMENTAL CLAIMS AND ANY SUPPLEMENTAL RULE 5 MATERIALS WITHIN SIXTY DAYS OF THE ORDER**

On December 21, 2005, this Court entered an opinion and order granting Petitioner's motion to hold his habeas petition in abeyance to allow Petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust prior to filing his habeas petition. The Court specifically noted in its decision that P+etitioner had recently been denied post-conviction relief by the Lenawee County Circuit Court, where he had been convicted. The Court also administratively closed the case.

On May 29, 2007, this Court granted Petitioner's motion to reopen the petition for writ of habeas corpus and permitted him to amend his petition for writ of habeas corpus. The Court also ordered Respondent to file a supplemental answer which addressed the claims that were raised by Petitioner in his amended petition within sixty days of the Court's order. Respondent failed to file a supplemental answer to the petition within sixty days of the Court's order. On August 31, 2007, the Court issued a second order requiring a supplemental answer. On September 28, 2007,

1

respondent filed a supplemental answer, which failed to address the merits of the supplemental petition.

Petitioner has now filed a motion for default judgment, on the ground that Respondent failed to file a timely response to the supplemental petition. For the reasons stated below, the motion for default judgment is DENIED. However, the Court will ORDER Respondent to file a supplemental answer which addresses the merits of the petition for writ of habeas corpus within sixty days of this order, as well as any supplemental Rule 5 materials.

This Court is without power to grant Petitioner a default judgment because of Respondent's failure to file her supplemental answer on time, because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the habeas petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). The failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Perini,* 424 F. 2d at 138; *Gray v. Reilly,* 208 F. 3d 213; 2000 WL 302983, * 2 (6th Cir. Mar. 14, 2000).

Moreover, as another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) (Cohn, J.) (*citing to Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001)). The problem with such an approach is that any such decision by the court "creates a self-inflicted wound", because without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law

and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Id*. at 921. Under these circumstances, a judge is unable to "isolate the precise contours of the dispute", because he or she would be "missing half of the story", i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id*. Therefore, although an expeditious review of a habeas petition is desirable, a quick adjudication of the petition should not be done at the expense of an incomplete review. *Id.* at 922. Accordingly, the Court will deny Petitioner's request to address the merits of his supplemental petition without reviewing any untimely response filed by Respondent.

The Court will, however, order Respondent to file a second supplemental answer within sixty days which addresses the merits of the claims raised by Petitioner in his supplemental petition. Respondent has merely filed a boilerplate response, in which she asks the Court to dismiss the supplemental petition on two grounds. First, respondent claims that Petitioner has failed to establish that he exhausted his supplemental claims on post-conviction review in the state courts. However, as this Court indicated in its original opinion and order holding the petition in abeyance, Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the state trial court on September 10, 2004. The Lenawee County Circuit Court denied Petitioner's motion on September 15, 2004. *People v. Williams,* 01-9222-FC (Lenawee County Circuit Court, Sept. 15, 2004). Petitioner's post-conviction appeals were denied by the Michigan appellate courts. *People v. Williams*, No. 265091 (Mich. Ct. App. Dec. 28, 2006); *lv. den.* 477 Mich. 971 (2006). [1]

---

[1] This Court obtained this information both from the Michigan Court of Appeals' website, as well as from the Internet website for Westlaw. *See* www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). Presumably, this information was available to respondent as well.

Therefore, Respondent's contention that Petitioner's supplemental claims are unexhausted is unfounded.

Respondent further contends that Petitioner's supplemental claims are conclusory and unsupported, because Petitioner has offered no argument in support of his supplemental claims. Respondent, however, has ignored the ninety-two page brief in support of his petition for writ of habeas corpus which the Petitioner filed in support of his claims, which advances arguments in support of the claims raised in both his original and supplemental petitions. (*See* This Court Dkt. # 31]. Because Petitioner is proceeding *pro se*, this Court is willing to treat Petitioner's brief or memorandum of law as incorporated into his original petition. *See Meatley v. Artuz*, 886 F. Supp. 1009, 1011 (E.D.N.Y. 1995). Respondent should likewise refer to Petitioner's brief when addressing his claims.

Finally, Respondent claims that she was unable to comply with the Court's order from August 31, 2007, because she was unable to obtain Petitioner's state court records from the Wayne County Circuit Court regarding Petitioner's post-conviction proceedings in that court. The reason that Respondent has been unable to obtain Petitioner's post-conviction pleadings from that court is due to the fact that Petitioner was convicted in the Lenawee County Circuit Court, as indicated both by Petitioner in his pleadings, by this Court in its previous order, and by the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). The court has the discretion under the rules governing responses in habeas corpus cases to

4

set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243. In light of the time that has passed in this case, the Court orders respondent to file a supplemental answer within sixty days of this order which addresses the merits of the claims raised by Petitioner in his supplemental petition for writ of habeas corpus and the brief in support of the petition for writ of habeas corpus which was filed by Petitioner on June 25, 2007 with this Court. Furthermore, because of Respondent's repeated delays in this case without good cause, the Court rules that Respondent has waived any procedural defenses to the supplemental petition, such as a procedural default or a statute of limitations defense. *See Burgess v. Bell,* --- F.Supp.2d ----, No. 2008 WL 2211425, * 3 (E.D. Mich. May 26, 2008).

The Court also orders Respondent to provide any the Rule 5 materials which it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give Petitioner forty-five days from the receipt of the Respondent's answer to file a reply brief to the Respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. Aug. 1, 2005).

Based on the foregoing, the Court:

(1)     **DENIES** the motion for default judgment (Dkt. No. 36);

5

(2) **ORDERS** that Respondent shall file a supplemental answer which addresses the merits of the claims raised in the supplemental petition for writ of habeas corpus within sixty days of the Court's order;

(3) **ORDERS** that Respondent shall file any supplemental Rule 5 materials that have not already been provided to the Court at the time that it files its supplemental answer; and

(4) **ORDERS** that Petitioner shall have forty-five days from the date that he receives the answer to file a reply brief.

**SO ORDERED.**

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: August 8, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 8, 2008.

    s/Denise Goodine
    Case Manager