## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDRE AL-TREAVES WILLIAMS-EL,

      Petitioner,                              Civil No. 05-CV-70616-DT

                                              HONORABLE PAUL D. BORMAN

v.                                        UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

      Respondent,

_____/

## OPINION AND ORDER (1) DENYING IN PART THE RULE 60 (b)(4) MOTION FOR RELIEF FROM JUDGMENT, AND (2) TRANSFERRING IN PART THE RULE 60(b)(4) MOTION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Andre Al-Treaves Williams-El, ("Petitioner"), filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Petitioner claims that this Court lacked subject matter jurisdiction to adjudicate his prior habeas petition, in which petitioner challenged his state court convictions for kidnapping, assault with intent to do great bodily harm less than murder, possession of a firearm in the commission of a felony, and being a third felony habitual offender. For the reasons stated below, the Court denies in part the 60(b) motion for relief from judgment. The Court also transfers the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. BACKGROUND

      Petitioner filed a petition for writ of habeas corpus, challenging his convictions out of the Lenawee County Circuit Court. This Court denied the petition for writ of habeas corpus. *Williams-El v. Bouchard*, No. 05-CV-70616-DT, 2009 WL 3004008 (E.D. Mich. Sept. 15, 2009); *appeal dismissed* No. 09-2270 (6th Cir. July 20, 2010).

1

Petitioner has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). Petitioner claims that this Court lacked subject matter jurisdiction over his habeas petition. Petitioner argues his state court conviction is void because he was not represented by counsel at his arraignment on the complaint in the state district court and the magistrate at the arraignment ordered petitioner to stand mute and entered a not guilty plea on petitioner's behalf without giving petitioner an opportunity for any input. Petitioner seeks to have this Court's decision to deny him habeas relief set aside. Petitioner also seeks to have his state court conviction vacated and requests to be released from incarceration.

## II. DISCUSSION

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532.

Petitioner contends that the federal district court lacked jurisdiction over his habeas petition because his underlying state court judgment was void.

2

Fed. R. Civ. P. 60(b)(4) indicates that a court may relieve a party from a final judgment, order, or proceeding because the judgment is void.  A judgment is considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.,* 66 F. 3d 105, 108 (6th Cir. 1995)(quoting *In Re Edwards,* 962 F. 2d 641, 644 (7th Cir. 1992)).

The Court denies petitioner's motion for two reasons.

First, petitioner's motion is untimely because it was brought some six years and seven months after this Court rendered judgment in petitioner's case.  A motion for relief from judgment brought pursuant to 60(b)(4) must be filed within a reasonable time of the judgment. *See U.S. v. Dailide,* 316 F. 3d 611, 617 (6th Cir. 2003).  The Sixth Circuit has held in various cases that periods of anywhere between three and five years between the judgment and the filing of a 60(b)(4) motion were too long to permit the filing of such a motion for relief from judgment. *Id.*  In this case, petitioner waited over six years after the judgment was entered to file his 60(b)(4) motion.  Because petitioner has offered no reasons for his delay in filing such a motion, the current motion is untimely.

Secondly, assuming that petitioner's state court judgment was somehow void because of the judge's failure to appoint counsel for him at the arraignment or to otherwise conduct the arraignment in accordance with Michigan law, this did not deprive this Court of jurisdiction to adjudicate his habeas petition.  A state court's lack of jurisdiction over a criminal case can actually provide a basis for a state prisoner to obtain habeas relief in the federal court.  "[I]t has long been established that federal habeas corpus relief is available when a conviction is void for

3

want of jurisdiction in the trial court." *Rhode v. Olk-Long*, 84 F. 3d 284, 287 (8th Cir. 1996)(citing *Keizo v. Henry*, 211 U.S. 146, 148 (1908); *Ex parte Siebold*, 100 U.S. (10 Otto) 371, 375 (1879); *Houser v. United States*, 508 F. 2d 509, 512 (8th Cir.1974)).  For many years in fact, a petition for writ of habeas corpus was limited only to those cases where a conviction was void because the trial court lacked jurisdiction. *Houser,* 508 F. 2d at 512 (citing *Frank v. Mangum*, 237 U.S. 309, 327 (1915)); *See also Turpin v. Sacks,* 291 F. 2d 223 (6th Cir. 1961)("Habeas corpus is not the proper remedy to obtain release from custody, unless the sentencing court was without jurisdiction, or the sentence was, in legal effect, null and void."). Since a federal court has jurisdiction to entertain a habeas challenge to a state court's jurisdiction over a criminal prosecution, the mere fact that the state court may have lacked jurisdiction over petitioner's case did not deprive this Court of jurisdiction over the habeas petition or render the judgment void.  To the extent that petitioner's motion for relief from judgment challenges an alleged defect in the proceedings, it is denied.

　　　To the extent that petitioner seeks to have his state court conviction set aside, he is required to obtain authorization from the Sixth Circuit before he could obtain habeas relief on his claim.

　　　An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not

have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). See *Clark v. Milyard,* 341 F. App'x. 353, 354 (10th Cir. 2009).

Petitioner's current Rule 60(b) motion, to the extent it challenges his state court conviction, is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.  Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to *In re Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## III. CONCLUSION

Based on the foregoing, the Court denies in part the motion for relief from judgment [Dkt. # 53].

The Court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. # 53] to the United States Court of Appeals for the Sixth Circuit for authorization

to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. §

1631.

**SO ORDERED.**


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on May 9, 2016.


                                        s/Deborah Tofil
                                        Case Manager